Case 2:14-cv-00335   Document 37   Filed in TXSD on 03/21/17   Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
March 22, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MAURICIO CELIS, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-335 |
| § | |
| GUY WILLIAMS, *et al*, § | |
| § | |
| Respondents. § | |

## ORDER ADOPTING IN PART MEMORANDUM AND RECOMMENDATION

Now before the Court is Respondent's Motion for Summary Judgment, (Dkt. No. 12). On August 4, 2015, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation, (Dkt. No. 17), recommending that the motion be granted. After considering the Memorandum and Recommendation of the Magistrate Judge, Petitioner's Objections, (Dkt. No. 23), and the responsive briefing, (Dkt. Nos. 24, 25), the Court is of the opinion that the Memorandum and Recommendation should be adopted in part.

### I.   Factual and Procedural Background

Petitioner Mauricio Celis was convicted in Texas state court of fourteen counts of holding himself out as a lawyer in violation of Texas Penal Code § 38.122(a). After appealing to the Thirteenth Court of Appeals and the Texas Court of Criminal Appeals, his conviction was affirmed and he is currently serving two concurrent ten-year terms of probation. He brings this habeas corpus action complaining that his conviction was unconstitutional because (1) the trial judge demonstrated bias against him in violation of his Fifth, Sixth, and Fourteenth Amendment rights to a fair trial and due process; and (2) the statute on which he was convicted is overbroad

and vague, thus infringing on his First, Fifth, and Fourteenth Amendment freedom of speech and due process rights.

Respondent, Javed Syed, Director of the Nueces County Community Supervision & Corrections Department, in his official capacity, filed his Motion for Summary Judgment on November 21, 2014, (Dkt. No. 12), to which Petitioner timely filed a Response in opposition, (Dkt. No. 16). Magistrate Judge Libby issued his Memorandum and Recommendation on August 4, 2015, (Dkt. No. 17). After obtaining two extensions of time, Petitioner timely filed his objections, (Dkt. No. 23). Respondent timely filed a response, (Dkt. No. 24), to which Petitioner replied, (Dkt. No. 25).

On March 9, 2016, United States District Judge Nelva Gonzales Ramos issued an Order Adopting Memorandum and Recommendation, overruling Petitioner's objections and granting Respondent's Motion for Summary Judgment, (Dkt. No. 26). After a Final Judgment was issued in favor of Respondent, (Dkt. No. 27), Petitioner filed a Motion to Alter Judgment and for Disqualification, seeking disqualification of Judge Ramos and reasserting some of his objections to the Memorandum and Recommendation, (Dkt. No. 28). Judge Ramos subsequently recused herself from the case, (Dkt. No. 29), and vacated the Order Adopting Memorandum and Recommendation and the Final Judgment, (Dkt. No 31). After the case was reassigned to United States District Judge Hilda G. Tagle, (Dkt. No. 32), Judge Tagle recused herself. (Dkt. No. 32). Subsequently, the case was reassigned to this Court. (Dkt. No. 33).

The Court considers that the previous Order Adopting the Magistrate's Memorandum and Recommendation satisfactorily addressed the Petitioner's objections. Furthermore, Petitioner's Motion to Alter and Amend the Judgment raises arguments that are substantially identical to those already asserted in his Objections to the Memorandum and Opinion. Accordingly, with

==minimum discussion of Petitioner's Motion to Alter and Amend the Judgment, the Court substantially adopts the substance of the previous Order.==

**II.     Standard of Review**

Any challenge to a state court's holding conviction is reviewed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), (e), which limits the scope of this Court's review as well as placing a high burden on the petitioner to demonstrate constitutional infirmity in the state court judgment. "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 & n.5 (1979) (Stevens, J., concurring in judgment)). As relevant here, a habeas challenge must show an unreasonable determination of the facts sufficient to overcome a presumption that they are correct. 28 U.S.C. § 2254(d)(2). A question of law must be shown to have been decided in a manner contrary to clearly established federal law. *Id.*, § 2254(d)(1). And a mixed question of law and fact must be shown to constitute an unreasonable application of clearly established law. *Id*.

**A.     Decision Subject to Review**

The Court looks to the last adjudication on the merits, or "last reasoned state court decision." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (quoting *Wood v. Quarterman*, 491 F.3d 196, 202 (5th Cir. 2007)) (internal quotation marks omitted). While the Texas Court of Criminal Appeals denied review of the issues under consideration in a manner presumed to be a decision on the merits, it did so without opinion. Thus, this Court considers the intermediate Thirteenth Court of Appeals' (Court of Appeals') written opinion pursuant to the "look through" doctrine. This enables a federal habeas court "to ignore—and hence, look through—an

3 / 15

unexplained state court denial and evaluate the last reasoned state court decision." *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).

**B.     Unreasonable Determination of Facts**.

In reviewing the Court of Appeals' decision, this Court presumes that the state court's evaluation of fact findings is correct. 28 U.S.C. § 2254(e)(1). Celis's burden in challenging the facts is to rebut those findings with a showing that they are contrary to clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)). This deference extends not only to express findings of fact, but to the state court's implicit findings, as well. *Garcia*, 454 F.3d at 444–45 (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)). Even where the state court record is ambiguous, the state court's factual findings supporting the judgment are nevertheless entitled to deference if there is fair support in the record. *Patton v. Yount*, 467 U.S. 1025, 1039-40 (1983) (ambiguity and juror testimony insufficient to overcome presumption of correctness as to the trial court's finding of impartiality).

**C.     Decision Contrary to Federal Law**.

A state court decision is contrary to Supreme Court precedent if: (1) the state court's conclusion is opposite that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Allen v. Stephens*, 805 F.3d 617, 625 (5th Cir. 2015) (internal citations omitted). It is not enough for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's analysis. Rather, the petitioner must

demonstrate that Supreme Court precedent requires the contrary outcome. *See Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 888 (3d Cir. 1999) (en banc).

    **D.**    **Unreasonable Application of Federal Law**.

A state court's decision is an unreasonable application of Supreme Court precedent if: (1) it unreasonably applies the correct legal rule to the facts of a particular case; or (2) it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). The issue is whether the application was objectively unreasonable. *Id.* at 365. A prisoner cannot obtain relief if the state court's decision, although incorrect, was not objectively unreasonable. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Harrington,* 562 U.S. at 102-03 (requiring no possibility for fairminded disagreement).

**III.**    **Discussion**

Celis presents his objections in five parts, objecting to the M&R regarding its recommendations on: (1) judicial bias; (2) statutory overbreadth; (3) statutory vagueness; (4) appealability of this decision; and (5) the final result. The first three each begin with an omnibus objection that the Magistrate Judge did not directly address any of his bases for relief under AEDPA: (a) that the state court decision was contrary to clearly established federal law; (b) that the state court decision was an unreasonable application of clearly established federal law; and (c) that the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. (Dkt. No. 23, pp. 5, 24, 32). These are restatements of the AEDPA standard of review, clearly recited in the M&R and applied to the analysis supporting the recommendations. (Dkt. No. 17, pp. 5–6). The Magistrate Judge applied

the correct standard of review and considered all of Celis's grounds for relief. This omnibus objection is **OVERRULED**.

A.     **Judicial Bias**

Celis argues that he was denied his Fifth, Sixth, and Fourteenth Amendment rights to a fair trial and the administration of due process because Judge Mark Luitjen, who presided over the trial, exhibited bias against him. This is a structural due process claim so fundamental to the operation of the criminal justice system that a harmless error rule does not apply, regardless of the strength of the evidence of guilt. *Edwards v. Balisok*, 520 U.S. 641, 647 (1997); *Arizona v. Fulminante*, 499 U.S. 279, 309–10 (1991).

Celis objects to the Court of Appeals and the Magistrate Judge's findings regarding judicial bias and presents evidence of the jury's perception of his trial, along with Judge Bañales's findings of fact and conclusions of law made in his favor in the context of his post-trial motion to recuse. (Dkt. Nos. 1, 23). Celis, emphasizing the uncontroverted nature of the evidence, asks this Court to do one of three things: (1) re-weigh the evidence admitted at the trial level to determine whether it was sufficient to show bias, thus overruling the Court of Appeals' view of the evidence; (2) review and reject the Court of Appeals' procedural failure to defer to Judge Bañales's findings; or (3) find that the Court of Appeals acted improperly in discounting the juror testimony and bias.

The first two requests are clearly outside the AEDPA standard of review and cannot be indulged. The third request may be considered if the discounting of the jurors' testimony was not just improper but was contrary to clearly established federal law or an improper application of that law. Celis has not addressed that specific point. While a fair trial requires an impartial jurist,

Celis has not demonstrated that the Court of Appeals' analysis of the evidence was unreasonable or contrary to any clearly established law.

The Court of Appeals discounted the jurors' assessment of the trial judge's demeanor as conclusory, as lay opinion, or as addressing a type and level of bias that is insufficient to implicate the fairness of the trial under clear Supreme Court precedent. Pursuant to constitutional standards, a successful challenge would include evidence demonstrating a deep-seated favoritism or antagonism that would make fair judgment impossible. *Liteky v. United States*, 510 U.S. 540, 555 (1994). That standard is not met in the evidence admitted here because the evidence (a) does not explain the jurors' interpretation of "bias," rendering it improperly conclusory on a question of law; (b) shows inconsistent concerns or complaints about the judge as between jurors, making it apparent that even the fair-minded jurors could reach different conclusions about the import of specific proceedings; or (c) addresses only incidental matters not traditionally considered sufficient to make bias actionable, such as evidentiary rulings and courtroom administration. (Dkt. No. 1-3, pp. 48–49); *see Liteky,* 510 U.S. at 555–56.

In light of Celis's Motion to Alter and Amend Judgment, (Dkt. No. 28), it bears clarifying that the M&R correctly reads *Liteky* nearly to bar—absent some extrajudicial source of bias—consideration of the trial judge's unfavorable rulings as evidence of bias in themselves. In his Motion, Celis makes much of the Court of Appeal's (and the M&R's) failure to consider evidence of bias other than the affidavits of the jurors. Based on his Original Petition, the Court considers such additional evidence to have been limited to Judge Luitjen's unfavorable rulings themselves—rulings regarding the admissibility of certain evidence, sentencing, and conditions of bond. (Dkt. No. 1, pp. 60–61). However, and despite Celis's repeated assertions otherwise, it

is far from unreasonable for a state court, reviewing the Supreme Court jurisprudence on the issue, to have refused to consider those rulings as evidence of unconstitutional bias.

Celis has not demonstrated that clearly established federal law, pursuant to Supreme Court precedent, requires that the juror affidavits and other evidence regarding that testimony be taken at face value. Neither has he demonstrated that the totality of the evidence presented exceeds that which was found insufficient in *Liteky*. The objections to the M&R as they apply to the recommendation on judicial bias are **OVERRULED**.

**B.     Statutory Overbreadth**

Celis next challenges the penal statute on which his conviction was based as being unconstitutionally overbroad in violation of his First, Fifth, and Fourteenth Amendment rights. Celis makes three objections: (1) the M&R failed to separately analyze his facial and as-applied challenges; (2) the M&R failed to treat the penal statute as content-based, requiring strict scrutiny review; and (3) the M&R's reliance on a commercial speech review fails because the statute does not require, and the jury was not asked to find, that Celis had engaged in false or misleading speech. Each objection fails.

    1.     **Facial Versus As-Applied Challenges**

The Court of Appeals separately analyzed both Celis's facial challenge and his as-applied challenge based on overbreadth. (Dkt. No. 1-3, pp. 63–67). In both contexts, the Court of Appeals treated the penal statute as regulating commercial speech and noted that the conviction was based upon the use of business cards, letterhead, and a website as a means to solicit a commercial transaction—lawyer advertising. It concluded that the Supreme Court has refused to recognize an overbreadth challenge to lawyer advertising. *Id.*, p. 64 (citing *Bates v. State Bar of Arizona*, 433 U.S. 350, 381 (1977)). It further held that the state has a compelling interest in

regulating the commercial speech of those who hold themselves out as lawyers. *Id.*, pp. 64–65. The Court of Appeals came to the same conclusion with respect to the as-applied challenge.

Both overbreadth challenges, being governed by the recognition that Celis's speech was a commercial transaction properly regulated for the benefit of the people of the state, did not require separate treatment in the M&R. Moreover, Celis argues that it is "entirely unclear" that his business card, letterhead, and website proposed commercial transactions. (Dkt. No. 23, pp. 26, 31). Thus, he concedes that he cannot meet the AEDPA standard of review that the Court of Appeals' decision is contrary to clearly established law. If the matter is not fully foreclosed by clear federal law, then this Court cannot effect relief.

2.      **Strict Scrutiny**

Citing *Sorrell v. IMS Health Inc.*, 131 S. Ct. 2653, 2664 (2011), Celis argues that strict scrutiny may still apply despite any finding that the penal statute regulated commercial speech. In *Sorrell*, the State of Vermont restricted the sale, disclosure, and use of pharmacy records that revealed the prescribing practices of individual doctors. While accepting that the law regulated commercial speech, the Supreme Court also held that it was content-based, subject to strict scrutiny, with a presumption of unconstitutionality that had to be overcome by a legitimate state interest and a showing that the regulation was narrowly tailored to meet that interest. Celis asks this Court to apply the same analysis and argues for a result holding the law unconstitutional.

The Court of Appeals, holding that the statute regulated commercial speech, also noted that it had only an incidental impact on speech. (Dkt. No. 1-3, p. 64). It then concluded that the impact was justified by the state interest in regulating lawyers. The opinion quotes Celis as conceding that the regulatory nature of the statute "makes perfect sense" with respect to lawyers licensed within the state. His only complaint is its adverse effect on lawyers licensed in other

states or other countries. The Court of Appeals dismissed this concern, treating the interests of all persons holding themselves out as lawyers to the general public in Texas equally. And it clearly held that the statute regulated only the commercial aspect of the speech, not any expressive speech.

Celis has not met his AEDPA burden to show that the Court of Appeals' rulings were contrary to clearly established federal law. Even *Sorrell* acknowledges that the state may permissibly regulate commercial speech in a content-neutral manner despite the regulation's imposition of an incidental burden on protected speech. *Sorrell*, 131 S.Ct. at 2664–65. The *Sorrell* court held that the pharmacy-related statute went beyond that incidental measure. It targeted the categorical identity of the speaker (pharmacists) and prohibited the dissemination of information in their hands that is of public interest (data about physicians prescribing medications compiled for government regulation of pharmaceuticals). Consequently, the speech was protected and the regulation was content-based.

The same concerns do not govern this case. Texas Penal Code § 38.122 regulates commercial speech in which persons who are not lawyers try to profit from holding themselves out as lawyers with the right to practice in this state. Celis has not articulated any type of expressive speech or matters of interest to public discourse that the statute supposedly restricts. His argument that his business promotional materials are also educational does not state any clearly established law in support and does not meet the AEDPA standard of review. Thus, it does not trigger strict scrutiny pursuant to *Sorrell* or this Court's power to order relief. Furthermore, even if it did, the Court of Appeals held that the statute furthered a legitimate governmental interest and was narrowly tailored to that purpose, conclusions that Celis has not demonstrated are contrary to clearly established federal law.

### 3. No False or Misleading Finding

Celis objects that the Court of Appeals treated the penal statute as regulating false or misleading speech even though its terms do not support that limitation and when no jury finding was sought or obtained on falsity or any misleading nature of his conduct. The statute requires that one may not profit as a lawyer in the practice of law unless one is licensed and in good standing with the State Bar of Texas and his or her licensing jurisdiction. Celis's argument makes a distinction without a difference. The statute's requisite intent to obtain an economic benefit by representing oneself as enjoying a professional privilege that has not been conferred was met here and is sufficient to justify the state's interest in regulating the practice of law.

### 4. Conclusion

For the reasons described above, the Court **OVERRULES** all of Celis's objections to the M&R's recommendation to deny habeas relief on his unconstitutional overbreadth arguments.

### C. Statutory Vagueness

Celis objects to the M&R's treatment of his vagueness challenges because: (1) the fact that the statute may have appropriate application in one instance does not pretermit the challenge; (2) the M&R fails to consider his as-applied challenge based on its application to a foreign lawyer, such as himself, who does not require a cedula or license to practice law in his licensing jurisdiction; and (3) the vagueness of the statute is evidenced by its discriminatory enforcement.

> The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." Our cases establish that the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.

*Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015) (citing *Kolender v. Lawson*, 461 U.S. 352, 357–358 (1983)). For the reasons below, each objection fails.

1.  **Facial Challenge and One Appropriate Application.**

This Court approaches Celis's facial challenge with caution. The Supreme Court has written,

> Facial challenges are disfavored for several reasons. Claims of facial invalidity often rest on speculation. As a consequence, they raise the risk of "premature interpretation of statutes on the basis of factually barebones records." Facial challenges also run contrary to the fundamental principle of judicial restraint that courts should neither "'anticipate a question of constitutional law in advance of the necessity of deciding it'" nor "'formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.'" Finally, facial challenges threaten to short circuit the democratic process by preventing laws embodying the will of the people from being implemented in a manner consistent with the Constitution. We must keep in mind that "'[a] ruling of unconstitutionality frustrates the intent of the elected representatives of the people.'"

*Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450-51 (2008) (citations omitted).

The Court of Appeals determined that the penal statute survived the facial challenge, using the *Salerno* test: whether there is no set of circumstances under which the statute would be valid. *United States v. Salerno*, 481 U.S. 739, 745 (1987). While Celis is correct that the Supreme Court rejected the *Salerno* test in *Johnson,* 135 S. Ct. at 2251, that does not end this Court's inquiry. Now, a facial challenge must fail where the statute has a "'plainly legitimate sweep.'" *See Washington State Grange*, 552 U.S. at 449 (quoting *Washington v. Glucksberg*, 521 U.S. 702, 739–740, and n. 7 (1997) (Stevens, J., concurring in judgments)).

In applying the plainly legitimate sweep test, the Court is not to engage in hypothetical or imaginary fact scenarios and must exercise judicial restraint to avoid unnecessary or premature pronouncement on constitutional issues. *Washington State Grange,* 552 U.S. at 450. The inquiry

is akin to an overbroad challenge in that the facial challenge based on vagueness succeeds only when the ordinary application of the statute is so broad that it will regularly encompass what is constitutionally protected conduct. *See United States v. Stevens*, 559 U.S. 460, 473 (2010).

As set out above, the Court has determined that the statute is not overbroad. Exercising restraint in addressing the facial validity challenge, it is appropriate to deny the challenge because the statute has a plainly legitimate sweep that does not ordinarily threaten protected conduct. Thus, while the Court of Appeals used the wrong test, it arrived at the correct result. Consequently, Celis has not sustained his AEDPA burden to show that the result is contrary to established law or is an unreasonable application of the law.

  2. **As-Applied Challenge of Foreign Lawyer**.

Celis's as-applied challenge requires that the Court find that he was fully qualified to practice law in Mexico and was not required to have a cedula or license to do so. The evidence on this issue was conflicting. The Court, on this record, cannot conclude that no reasonable fact finder would find Celis guilty of violating the statute. Neither has Celis demonstrated that the Court of Appeals' holding is contrary to any clearly established federal law. Thus his as-applied challenge must fail.

  3. **Discriminatory Enforcement**.

Celis offers a single instance of what he considers discriminatory enforcement of § 38.122 in that the state's expert witness was allegedly guilty of the same conduct, yet was not prosecuted. Assuming for purposes of argument that the expert witness was guilty of violating the statute, this argument fails. A single example of non-prosecution does not demonstrate that the reason for the failure to prosecute is that the law is vague. Celis has not demonstrated that any failure to prosecute is necessarily related to the alleged vagueness of the statute. Neither has

he met the AEDPA standard of review to show that the Court of Appeals' decision is contrary to clearly established law or is an unreasonable application of such law.

    **4.**    **Conclusion**.

For the reasons described above, the Court **OVERRULES** all of Celis's objections to the M&R's recommendation to deny habeas relief on his unconstitutional vagueness arguments.

**D.**    **Appealability**

Celis objects to the M&R's recommendation to deny a certificate of appealability because he believes that his objections have merit and because any decision on appealability would be premature prior to a ruling on his objections. Although the Court has overruled all of his objections, the Court considers it unnecessary to rule sua sponte on the appealability issue. Celis's objections to the denial of a certificate of appealability are therefore **SUSTAINED**.

**E.**    **The Final Result**

Celis objects to the M&R's recommendations in their totality, requesting de novo review by both the Magistrate Judge and this Court. The Court has conducted its review and has overruled each of the objections as to the merits of Celis's Petition for Writ of Habeas Corpus. The summary objection to the recommended result is likewise **OVERRULED**.

**IV.**    **Conclusion**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge as modified or supplemented herein, with

exception to its recommendations on the issue of appealability. Accordingly, Respondent's Motion for Summary Judgment, (Dkt. No. 12), is **GRANTED IN PART** and this action is **DISMISSED WITH PREJUDICE**. Respondent's Motion for Summary Judgment is **DENIED** only with respect to the request for sua sponte denial of a certificate of appealability.

    SO ORDERED this 21st day of March, 2017, at McAllen, Texas.

                                                   _____
                                                   Randy Crane
                                                   United States District Judge